[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Thompson,* Slip Opinion No. 2016-Ohio-2769.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-2769

THE STATE OF OHIO, APPELLEE, *v.* THOMPSON, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Thompson,* Slip Opinion No. 2016-Ohio-2769.]

*Criminal law—Sentencing—Trial court's determination of motion for jail-time credit under R.C. 2929.19(B)(2)(g)(iii) constitutes a special proceeding and affects a substantial right—Denial of a motion for jail-time credit under R.C. 2929.19(B)(2)(g)(iii) is a final, appealable order.*

(No. 2014-1230—Submitted September 15, 2015—Decided May 3, 2016.)

APPEAL from the Court of Appeals for Madison County, No. CA2014-04-010.

_____

PFEIFER, J.

BACKGROUND

{¶ 1} Appellant, Lowell W. Thompson, pled guilty to various offenses, including gross sexual imposition and three counts of rape, and was sentenced accordingly. The sentence was memorialized in a January 11, 2011 entry that recognized 184 days of jail-time credit.

**{¶ 2}** Three years later, in February 2014, Thompson moved for additional jail-time credit of 87 days for the time he had been held prior to indictment. The trial court denied his motion. Thompson filed a pro se appeal, arguing that the trial court erred when it denied his motion for jail-time credit. The court of appeals dismissed the appeal, holding that the entry appealed from was not a final, appealable order.

**{¶ 3}** Thompson appealed to this court, asserting that "[a]n order denying a motion to correct jail-time credit filed under R.C. 2929.19(B)(2)(g)(iii) is an order that affects a substantial right, and is therefore a final, appealable order." We accepted Thompson's appeal. 140 Ohio St.3d 1506, 2014-Ohio-5098, 19 N.E.3d 923.

## ANALYSIS

### *Jail-time credit and R.C. 2929.19(B)(2)(g)*

**{¶ 4}** Pursuant to R.C. 2929.19(B)(2)(g)(i), a judge is required to determine "the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced," whereupon the department of rehabilitation and correction will reduce the sentence by that number of days under R.C. 2967.191.

**{¶ 5}** R.C. 2929.19(B)(2)(g)(iii) states that the "sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section." R.C. 2929.19(B)(2)(g)(iii) allows an offender to "at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division of (B)(2)(g)(i) of this section."

**{¶ 6}** As noted above, Thompson claims that the sentencing judge erred in making a determination under R.C. 2929.19(B)(2)(g)(i) and his appeal was denied solely because it was deemed not to be from a final, appealable order. Accordingly, we look next at what could constitute a final, appealable order in this case.

*Final, appealable order pursuant to R.C. 2505.02*

{¶ 7} The only statutory provision that defines final orders and that could apply here is R.C. 2505.02(B), which states:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (2) An order that affects a substantial right made in a special proceeding * * *.

{¶ 8} For purposes of this case, a "substantial right" is one that "a statute * * * entitles a person to enforce or protect" and a "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(1) and (2).

*Applying R.C. 2505.02 to this case*

{¶ 9} The parties agree that an order determining whether an offender receives jail-time credit affects a substantial right. We agree as well, because receiving properly determined jail-time credit implicates an offender's liberty interest in being free from unauthorized incarceration and the right to jail-time credit is protected by at least three statutory provisions. *See* R.C. 2949.08(B), 2967.191, and 2929.19.

{¶ 10} Next, we must determine whether the order denying Thompson's motion for jail-time credit was made in a special proceeding. The parties agree that it was. In its brief to us, the state acknowledged, "Prior to the creation of R.C. 2929.19(B)(2)(g)(iii) [in 2012, Am.Sub.S.B. No. 337], there was not a way to correct jail-time credit after the time for an appeal had run on a final sentencing

entry." In his brief, Thompson stated, "When the General Assembly amended R.C. 2929.19(B)(2)(g), it created a special proceeding to address the difficulty people * * * have when trying to correct their jail-time credit."

{¶ 11} Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was able to seek correction of an error made in determining jail-time credit only on direct appeal. *See State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 10. Motions to correct errors made in determining jail-time credit that were filed outside the time allowed for appeal were barred by the doctrine of res judicata. *See, e.g.*, *State v. Spillan*, 10th Dist. Franklin Nos. 06AP-50, 06AP-51, 06AP-52, and 06AP-750, 2006-Ohio-4788, ¶ 12; *State v. Williams*, 3d Dist. Allen No. 1-03-02, 2003-Ohio-2576, ¶ 9-12.

{¶ 12} Pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit "at any time after sentencing" and the sentencing court has authority to correct any error in determining jail-time credit that was "not previously raised at sentencing." Given that this statute was enacted in 2012 and that it created a right that was not otherwise available to an offender who lacked the right to appeal, we conclude that the trial court's determination of a motion filed under R.C. 2929.19(B)(2)(g)(iii) constitutes a special proceeding.

## CONCLUSION

{¶ 13} A trial court's determination of a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) constitutes a special proceeding and affects a substantial right. Accordingly, we hold that the denial of a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) is a final, appealable order. We therefore reverse the judgment of the court of appeals and remand the cause to that court to consider Thompson's appeal on the merits.

Judgment reversed
and cause remanded.

4

O'CONNOR, C.J., and LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents.

_____

Stephen J. Pronai, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Stephen A. Goldmeier, Assistant Public Defender, for appellant.

_____