SADLER, J., dissenting.
 

 {¶ 16} I do not believe that the trial court erred when it denied appellant's motion for jail-time credit. Accordingly, I would overrule appellant's assignment of error and affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.
 

 {¶ 17} R.C. 2929.19(B)(2)(g)(iii) provides that a "sentencing court retains continuing jurisdiction to correct any error
 
 not previ
 

 ously raised at sentencing
 
 in making a determination under division (B)(2)(g)(i) of this section." (Emphasis added.) In my view, the trial court did not have jurisdiction to consider Gibson's R.C. 2929.19(B)(2)(g)(iii) motion for jail-time credit because he failed to provide the trial court with a transcript of the sentencing hearing or any other evidence establishing that the jail-time credit issue was not considered at sentencing.
 

 {¶ 18} The trial court's judgment entry awards 49 days of jail-time credit. Gibson claims that he is entitled to an additional 237 days of jail-time credit. In reversing the trial court judgment denying Gibson's motion for jail-time credit, the majority concludes that "[b]ecause the face of Gibson's motion for jail-time credit contains the assertion that he did not learn of the alleged error in jail-time credit until after sentencing, and no material in the record contradicts that assertion, it was error for the trial court to have concluded that R.C. 2929.19(B)(2)(g)(iii) was inapplicable." (Majority Decision at ¶ 15.) In my view, the majority decision conflicts with this court's prior decision in
 
 State v. Smith
 
 , 10th Dist. No. 15AP-209,
 
 2015-Ohio-4465
 
 ,
 
 2015 WL 6459961
 
 . In that case, we addressed the movant's burden of going forward on a motion for jail-time credit, pursuant to R.C. 2929.19(B)(2)(g)(iii), as follows:
 

 As the movant, it was appellant's burden to demonstrate that R.C. 2929.19(B)(2)(g)(iii) applies to preclude the application of res judicata. Therefore, it was appellant's burden to establish that the alleged error was not addressed at sentencing. R.C. 2929.19(B)(2)(g)(iii). Appellant failed to demonstrate that the issue was not raised at sentencing. Therefore, appellant failed to meet his burden. We cannot conclude that R.C. 2929.19(B)(2)(g)(iii) applies to appellant's motion. Accordingly, res judicata bars his claim for additional jail-time credit. [
 
 State v.
 
 ]
 
 Inboden
 
 [10th Dist. No. 14AP-312,
 
 2014-Ohio-5762
 
 ,
 
 2014 WL 7463000
 
 ] at ¶ 11 (res judicata applies to bar legal claim for additional credit, as opposed to a claimed mathematical or clerical error).
 
 [2]
 

 Id.
 
 at ¶ 10.
 

 {¶ 19} In denying appellant's motion for jail-time credit in
 
 Smith
 
 , we noted that the "motion for jail-time credit only contains conclusory allegations concerning the amount of time he spent in jail in two cases. The attachments to the motion indicate dates of arrests in these cases but not the amount of time spent in jail. Given the lack of evidence to support his motion, we concluded that appellant has not demonstrated that the trial court abused its discretion by denying his motion for jail-time credit."
 
 Id.
 
 at ¶ 14.
 

 {¶ 20} At least two other appellate districts have reached the same conclusion regarding the burden of going forward under R.C. 2929.19(B)(2)(g)(iii). In
 
 State v. Johnson,
 
 4th Dist. No. 16CA26,
 
 2017-Ohio-4213
 
 ,
 
 2017 WL 2537581
 
 , the Fourth District Court of Appeals, citing this court's decision in
 
 Smith,
 
 ruled as follows:
 

 Under R.C. 2929.19(B)(2)(g)(iii), a trial court has continuing jurisdiction to review any error (mathematical or legal) not previously raised at sentencing.
 
 State v. Copas
 
 ,
 
 2015-Ohio-5362
 
 ,
 
 49 N.E.3d 755
 
 , ¶ 12. However, a defendant still has the burden of establishing that
 the alleged error was not previously raised at sentencing.
 
 State v. Smith
 
 , 10th Dist. Franklin Nos. 15AP-209,
 
 2015-Ohio-4465
 
 [
 
 2015 WL 6459961
 
 ], ¶ 10. The best way to determine whether an alleged error was not previously raised at sentencing is to review the transcript from the sentencing hearing.
 

 Here, Johnson failed to attach any evidence establishing that his claim was not considered by the trial court at his June 2007 sentencing hearing. Thus, we cannot conclude that Johnson's claim was "not previously raised at sentencing" such that the trial court had authority to correct the alleged error. R.C. 2929.19(B)(2)(g)(iii). Accord
 
 State v. Thompson
 
 , [
 
 147 Ohio St.3d 29
 
 ,
 
 2016-Ohio-2769
 
 ,
 
 59 N.E.3d 1264
 
 ] ¶ 12 (sentencing court has authority under R.C. 2929.19(B)(2)(g)(iii) to correct any error in determining jail-time credit that was not previously raised at sentencing). Therefore, we find that the trial court lacked jurisdiction to rule on the merits of Johnson's motion.
 

 Johnson
 
 at ¶ 20-21.
 

 {¶ 21} In
 
 Johnson
 
 , the court determined that the moving party's failure to produce evidence that the alleged error in jail-time credit was not considered at sentencing deprived the trial court of jurisdiction of the motion.
 
 Id
 
 . In
 
 State v. Guiterres
 
 , 11th Dist. No. 2015-T-0116,
 
 2016-Ohio-5572
 
 ,
 
 2016 WL 4586262
 
 , the Eleventh District Court of Appeals, also citing this court's decision in
 
 Smith
 
 , reached the same conclusion:
 

 [ R.C. 2929.19(B)(2)(g)(iii) ] allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion, but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit.
 
 State v. Smith
 
 , 10th Dist. Franklin Nos. 15AP-209 and 15AP-214,
 
 2015-Ohio-4465
 
 [
 
 2015 WL 6459961
 
 ], ¶9. Moreover, in moving for an additional credit, the defendant has the burden of demonstrating that their argument was not previously considered at sentencing.
 
 Id.
 
 at ¶ 10.
 

 The record before this court does not have a transcript of the sentencing hearing. As a result, appellant cannot show whether the issue of his incarceration in the county jail was raised and considered at that time, thereby precluding its consideration in a postconviction motion. On this basis alone, the substance of appellant's argument cannot be addressed, and his sole assignment is without merit.
 

 Guiterres
 
 at ¶ 15-16.
 

 {¶ 22} Here, appellant submitted a pre-printed form in which he indicates that he was held in the custody of Franklin County for a total of 294 days during two separate periods of confinement. Appellant alleges that he is entitled to an additional 237 days of jail-time credit. Appellant has not attached any evidentiary materials to his motion either to support his unsworn assertion that the sentencing court did not consider credit for these days of confinement or to prove that these days of confinement are "arising out of the offense for which [he] was convicted and sentenced." R.C. 2929.19(B)(2)(g)(i).
 

 {¶ 23} I cannot agree with the majority that the mere assertion by Gibson that he did not "learn of" the alleged jail-time credit error until after sentencing constitutes evidence that the issue was not raised at the time of sentencing. (Majority Decision at ¶ 15.) Nor can I agree that the mere citation in Gibson's motion to R.C. 2929.19(B)(2)(g)(iii) constitutes either an assertion or evidence that the sentencing error at issue was not raised at sentencing.
 

 (Majority Decision at ¶ 14-15.) In so holding, the majority decision impermissibly shifts the burden from Gibson proving that the alleged jail-time credit error was not considered at sentencing to the state to prove that the trial court did consider the particular jail-time credit issue at sentencing. No other Ohio authority supports such an interpretation of the statutory language, and it is contrary to our prior holding in
 
 Smith
 
 .
 

 {¶ 24} Under
 
 Johnson
 
 ,
 
 Guiterres
 
 , and this court's decision in
 
 Smith
 
 , the burden is on the movant to produce evidence that the jail-time credit issue was not raised at sentencing. Because appellant did not file a transcript of the sentencing hearing or any other evidence establishing that the jail-time credit issue was not raised at sentencing, the trial court was without jurisdiction to consider the motion.
 
 Johnson
 
 ;
 
 Guiterres
 
 .
 

 {¶ 25} For the foregoing reasons, I would hold that the trial court did not err when it denied appellant's motion for jail-time credit. Accordingly, I would overrule appellant's assignment of error and affirm the judgment of the trial court. Because the majority does not, I respectfully dissent.
 

 Inboden
 
 was legislatively nullified, in part, by the 2012 amendment to R.C. 2929.19(B)(2)(g)(iii). As amended, R.C. 2929.19(B)(2)(g)(iii) vests a trial court with continuing jurisdiction to review "any" jail-time credit error not previously raised at sentencing, regardless whether the alleged error is legal or mathematical in nature. The amendment does not affect the movant's burden of proof.