[Cite as *State v. Colbert*, 2017-Ohio-8559.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160866 |
| | | TRIAL NO. B-1407201 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| AMARIYA COLBERT, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  November 15, 2017


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

Office of the Ohio Public Defender, and *Timothy B. Hackett,* Assistant State Public Defender, for Defendant-Appellant.

Per Curiam.

{¶1} Defendant-appellant Amariya Colbert appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion for Recalculation of Jail Time Credit." Because the common pleas court had no jurisdiction to entertain Colbert's motion, we affirm the court's judgment as modified to dismiss the motion.

{¶2} In 2015, Colbert was convicted upon guilty pleas to aggravated robbery and having weapons while under a disability. The trial court imposed prison sentences totaling seven years. And the court credited against those prison terms the 132 days between Colbert's arrest on the indictment leading to his convictions and the entry of the judgment of conviction. Colbert did not appeal his convictions.

{¶3} In 2016, Colbert filed with the common pleas court his "Motion for Recalculation of Jail Time Credit." He argued that R.C. 2967.191 required the trial court to additionally credit him with the 63 days he spent in juvenile detention before his arrest on his indictment. In this appeal, he advances a single assignment of error challenging the common pleas court's judgment overruling that motion.

{¶4} In 2012, the General Assembly amended R.C. 2967.191 and 2929.19 to clarify the law concerning jail-time credit. R.C. 2967.191 tasks the department of rehabilitation and correction with reducing a prisoner's prison term or parole-eligibility date "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including * * * confinement in a juvenile facility." For purposes of the prison-term reduction required by R.C. 2967.191, R.C. 2929.19(B)(2)(g)(i) imposes upon the trial court the duty to "determine," as of the date of the offender's conviction, "the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced" and to "notify the offender of, and include in the sentencing entry" its jail-time-credit determination.

{¶5} Before the 2012 amendments, an offender could challenge the trial court's jail-time-credit determination on direct appeal, in a properly constituted

motion under Crim.R. 36 to "correct" a "clerical mistake[ ]," or in a petition under R.C. 2953.21 et seq. for postconviction relief. *See Heddleston v. Mack,* 84 Ohio St.3d 213, 213, 702 N.E.2d 1198 (1988); *State v. Weaver,* 1st Dist. Hamilton No. C-050923, 2006-Ohio-5072, ¶ 12. Under the 2012 amendments, an error in determining jail-time credit **does not affect the conviction and may not be challenged in a new-trial motion or a postconviction petition.** R.C. 2929.19(B)(2)(g)(iii) and (iv). But an erroneous jail-time-credit determination may still be challenged on direct appeal. And under Crim.R. 36, a trial court may still, **at any time, enter judgment nunc pro tunc to the date of the original conviction, correcting a miscalculation, but not an error of law, in determining jail-time credit.** And a trial court may "correct" an error, whether of law or fact, under the jurisdiction conferred, and pursuant to the procedure provided, by R.C. 2929.19(B)(2)(g)(iii). That statute provides as follows:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay.

An entry overruling an R.C. 2929.19(B)(2)(g)(iii) motion to correct jail-time credit is a final, appealable order. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 13.

{¶6} Colbert did not appeal his 2015 convictions and thus did not challenge on direct appeal the trial court's determination of his jail-time credit. And his jail-time credit was not subject to correction under Crim.R. 36, when he sought in his

3

2016 motion correction of an alleged error of law in failing to credit him, as required by R.C. 2967.191, with the days spent in juvenile detention before his arrest on his indictment.

{¶7}   Nor did R.C. 2929.19(B)(2)(g)(iii) confer upon the common pleas court jurisdiction to correct the alleged error in Colbert's jail-time credit, in the absence of some demonstration that the error had not been raised during his sentencing hearing. The statute grants jurisdiction to correct an error in determining jail-time credit only when that error was "not previously raised at sentencing."  Thus, the common pleas court's jurisdiction to grant Colbert the relief sought in his motion depended upon matters that transpired at his sentencing hearing.  But the common pleas court did not have before it a transcript of the proceedings at his sentencing hearing, because Colbert had not appealed his convictions and did not request that a sentencing transcript be filed with the common pleas court for its decision on his motion.  *See State ex rel. Partee v. McMahon*, 175 Ohio St. 243, 248, 193 N.E.2d 266 (1963); *State v. Hawkins*, 1st Dist. Hamilton No. C-74425, 1975 WL 181869 (July 7, 1975) (holding that an indigent offender is entitled to a transcript of the proceedings leading to his conviction, at the state's expense, if he has pending either a direct appeal or a postconviction proceeding).  And the transcript of proceedings filed after he had appealed the overruling of his motion is not properly before us, because we may not add to the record, and then decide this appeal based on, matter that was not before the common pleas court in ruling on the motion.  *See State v. Ishmail*, 54 Ohio St.2d 402, 405-406, 377 N.E.2d 500 (1978), paragraph two of the syllabus (holding that when a trial court denies a postconviction petition seeking to withdraw guilty pleas without first considering a plea-hearing transcript, the appeals court cannot add that transcript to the record before it and then decide the appeal on the basis of matter disclosed by the transcript).  *Accord State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030 (1st Dist.2010).

{¶8}    The common pleas court cannot be said to have erred in declining to afford Colbert the relief sought in his "Motion for Recalculation of Jail Time Credit," when he failed to invoke the jurisdiction under R.C. 2929.19(B)(2)(g)(iii) to correct jail-time credit by requesting that a transcript of proceedings demonstrating that the error had not been raised at sentencing be filed with the common pleas court for its decision on his motion.   Because the common pleas court had no jurisdiction to grant that relief, the motion was subject to dismissal.   Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion.  And we affirm the judgment as modified.

Judgment affirmed as modified.

**MOCK, P.J., CUNNINGHAM and MYERS, JJ.**


Please note:

The court has recorded its entry on the date of the release of this opinion.