[Cite as *State v. Dearmond*, 2022-Ohio-3252.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-88(A) |
| | : | |
| MARCUS N. DEARMOND, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of September, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
　　　Attorney for Plaintiff-Appellee

DAVID R. MILES, Atty. Reg. No. 0013841, 1160 East Dayton-Yellow Springs Road, Fairborn, Ohio 45324
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Marcus N. Dearmond, Jr. appeals from his conviction following his guilty plea to one count of robbery, a felony of the third degree. The trial court imposed a sentence of 36 months in prison and granted jail-time credit.

{¶ 2} Dearmond appeals from the court's judgment entry raising a single assignment of error relating to the imposition of his jail-time credit. The State has conceded error pursuant to Loc.R. 2.24 of the Second District Court of Appeals and asks that we remand the case to the trial court solely for the purpose of determining the proper jail-time credit.

{¶ 3} We agree with Dearmond that the trial court erred in failing to specify the total number of days of jail-time credit that he earned as of the date of his sentencing. Accordingly, the judgment of the trial court will be reversed as to the grant of jail-time credit, and the matter will be remanded for the trial court to specify the total number of days of jail-time credit that Dearmond had earned up to and including the date of his sentencing. In all other respects, the judgment of the trial court will be affirmed.

I. **Facts and Course of Proceedings**

{¶ 4} On February 17, 2021, Dearmond was indicted on one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. Along with the indictment, a warrant was issued for Dearmond's arrest. Dearmond was served with the warrant on September 4, 2021, and held in custody during the pendency of the case.

{¶ 5} On January 24, 2022, Dearmond entered a guilty plea to the indictment as charged with no agreement on sentencing. After the trial court accepted the guilty plea,

a presentence investigation report was ordered.

{¶ 6} Sentencing was held on February 14, 2022; the trial court imposed a prison term of 36 months. The trial court stated that Dearmond would "receive credit for time spent in the Clark County jail towards [his] sentence." Sentencing Tr., p. 6. The judgment entry filed thereafter granted jail-time credit "from September 5, 2021 until conveyance to ODRC." Dearmond timely appealed.

## I. Jail-Time Credit

{¶ 7} Dearmond's sole assignment of error on appeal states that:

THE TRIAL COURT ERRED IN NOT MAKING A PROPER JAIL-TIME CREDIT CALCULATION.

{¶ 8} Dearmond contends that the trial court erred by failing to specify the total number of days of jail-time credit that he earned at the time of sentencing and failing to include that total number in the judgment entry. In response, the State filed a notice of conceded error under Loc.R. 2.24. We agree that the trial court erred in failing to specify Dearmond's total number of days of jail-time credit and sustain Dearmond's assignment of error.

{¶ 9} "Where, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the sentence ultimately imposed for all periods of actual confinement on that charge." *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, ¶ 37, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. The principal that a defendant is entitled to credit towards his sentence for all time spent in any jail while awaiting trial for that offense is codified in R.C. 2967.191. *State v.*

*Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7-8.

{¶ 10} R.C. 2967.191 directs the Ohio Department of Rehabilitation and Correction to reduce prison sentences based on jail-time credit related to the offense for which the defendant was sentenced. R.C. 2967.191(A) provides, in relevant part, that:

The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, [and] as determined by the sentencing court under [R.C. 2929.19(B)(2)(g)(i)] * * *.

{¶ 11} When a trial court imposes a prison sentence for a felony in accordance with R.C. 2929.19(B)(2)(g)(i), it must "[d]etermine, notify the offender of, and include in the sentencing entry *the total number of days*, *including the sentencing date but excluding conveyance time,* that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." (Emphasis added.) Thus, "[p]ursuant to R.C. 2929.19(B)(2)(g)(i), a judge is required to determine 'the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced,' whereupon the department of rehabilitation and correction will reduce the sentence by that number of days under R.C. 2967.191." *State v. Thompson*, 147 Ohio St. 3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 4.

{¶ 12} "The Ohio Administrative Code provides additional details regarding when a prisoner is entitled to jail-time credit and how to calculate a prison term, taking the credit into account." *Fugate* at ¶ 9. Ohio Adm.Code 5120-2-04 details the process for reducing a sentence for jail-time credit and provides, in relevant part, as follows:

(A) The department of rehabilitation and correction shall reduce * * the stated prison term of an offender by the total number of days specified by the sentencing court in the sentencing entry as required by [R.C. 2929.19(B)(g)(i)]; by the number of days the offender was confined as a result of the offense, between the date of the sentencing entry and the date committed to the department, and by the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the offender was convicted and sentenced as determined by [R.C. 2967.191].

(B) The sentencing court determines the amount of time the offender served locally *before being sentenced*. The court must make a factual determination of the number of days credit to which the offender is entitled by law and include this information within the sentencing entry * * *[.]

(Emphasis added.)

{¶ 13} In accordance with Ohio Adm.Code 5120-2-04(B), the sentencing court is to determine the amount of time the offender served *before* being sentenced and must make a factual determination of the number of days of credit to which the defendant is entitled. Likewise, R.C. 2929.19(B)(2)(g)(i) imposes a duty upon the trial court to

determine at the time of sentencing the total number of days of credit, up to and *including the sentencing date but excluding conveyance time.* Further, both R.C. 2929.19(B)(2)(g)(i) and Ohio Adm.Code 5120-2-04(B) require that the trial court's determination of jail-time credit, identifying the *total number of days* for which the offender is entitled to credit, must also be included in the sentencing entry. It is clear from the language in R.C. 2929.19(B)(2)(g)(i) and Ohio Adm.Code 5120-2-04 that the trial court's obligation in calculating jail-time credit is limited to calculating the total number of days the defendant was confined prior to sentencing. After sentencing, in accordance with Ohio Adm.Code 5120-2-04(A), it is the obligation of the Ohio Department of Rehabilitation and Correction to credit the defendant with the number of days the defendant was confined between the date of his sentencing and the date of the defendant's conveyance to prison.

{¶ 14} In this case, at the sentencing hearing, the trial court indicated Dearmond would "receive credit for time spent in the Clark County jail towards [his] sentence," but it did not identify the total number of days for which Dearmond was entitled to jail-time credit. By the same token, in the judgment entry, the trial court awarded Dearmond jail-time credit "from September 5, 2021 until conveyance to [the Ohio Department of Rehabilitation and Corrections]." Again, the trial court did not identify the total number of days to which Dearmond was entitled to jail-time credit and further erred in including the time for which he would await transportation to the Ohio Department of Corrections. We have previously held that similar language used by the trial court that does not specify the total number of days and includes conveyance time in the jail-time credit calculation

is reversible error. *See State v. Wade*, 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171 (holding that trial court erred in awarding jail-time credit "from November 30, 2014 until conveyance to the penitentiary system"). As a result, Dearmond correctly asserts that the trial court erred by failing to specify the total number of days of jail-time credit he had earned at the time of sentencing and in the judgment entry.

{¶ 15} Nevertheless, an inaccurate determination of jail-time credit at sentencing is not grounds for setting aside the conviction or sentence and does not otherwise render the sentence void or voidable. R.C. 2929.19(B)(2)(g)(iv); *State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, ¶ 16.

{¶ 16} "[D]ue process requires that a defendant be given notice of, and an opportunity to be heard regarding, the findings the court intends to make on jail-time credit if an opportunity to be heard did not occur during the sentencing hearing." *State v. Flemings*, 2d Dist. Montgomery No. 24615, 2011-Ohio-4286, ¶ 33. Here, Dearmond was not informed at his sentencing hearing of the total number of days of jail-time credit to which he was entitled, and it appears that he did not have an opportunity to be heard on that issue at any other time. Recently, in *State v. Windsor*, 2d Dist. Clark No. 2021-CA-25, 2022-Ohio-1785, we held that because the trial court's award of jail-time credit "from February 12, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]" was specified only in the sentencing entry, and Windsor was not given the opportunity to be heard on the issue of jail-time credit at his sentencing hearing, that it was appropriate to remand the matter to the trial court in order for the court to specify the total number of days of jail-time credit that Windsor earned as of the date of his

sentencing. *Id.* at 10. We believe this case requires the same remand to allow the trial court to specify the total number of days of jail-time credit that Dearmond is entitled to receive as of the date of his sentencing. Accordingly, Dearmond's assignment of error is sustained.

## II. Conclusion

{¶ 17} Having sustained Dearmond's sole assignment of error, the judgment of the trial court is reversed in part, as to the imposition of jail-time credit, and this matter is remanded to the trial court to specify the total number of days of jail-time credit that Dearmond is entitled to receive as of the date of his sentencing consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
David R. Miles
Hon. Douglas M. Rastatter