[Cite as *State ex rel. Duncan v. Chambers-Smith*, 2024-Ohio-926.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Johnny T. Duncan, | : | |
| Relator, | : | |
| v. | : | No. 23AP-66 |
| Annette Chambers-Smith, Director, Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| | : | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on March 12, 2024

**On brief:** *Johnny T. Duncan*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Andrew Gatti*, for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator, Johnny T. Duncan, an inmate incarcerated at the Marion Correctional Institution, commenced this pro se action in mandamus seeking an order compelling respondents Annette Chambers-Smith, Director, Ohio Department of Rehabilitation and Correction ("ODRC"), and Bureau of Sentence Computation ("BOSC"),[1] to: (1) employ, execute, and enforce the underlying sentencing judgment entries as they are written, (2) immediately disavow and discontinue its unlawful and unauthorized

---

[1] BOSC is part of ODRC and is responsible for computing release dates. *State ex rel. Krouskoupf v. Ohio Dept. of Rehab. & Corr.*, 5th Dist. No. CT2022-0012, 2022-Ohio-1310, ¶ 1, fn. 1.

determining, calculating, and crediting of jail-time credit predicated on a letter or document from a sheriff, (3) immediately cease its willful and wanton usurpation of the mandatory provisions and prohibitions of *State ex rel. Fraley v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, and *State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, and (4) immediately employ the gate-keeping mandates of ODRC Policy 52 RCP 01, which compel respondents to contact the committing court immediately.

{¶ 2} In his January 30, 2023 petition for a writ of mandamus, relator alleged that in 1992 he was sentenced by the Clark County Court of Common Pleas to an aggregate prison term of 37 years to life following his conviction in three cases on two counts of aggravated murder, and one count each of aggravated robbery, felonious assault, and drug abuse. Relator further alleged that: (1) respondents improperly calculated his jail-time credit based on letters from a county sheriff in contravention of *Fraley* and *McGinty*, which hold that jail-time credit may only be based on the number of jail-time credit days specified by a trial court in its judgment entry and may not be based on a letter from a sheriff, (2) because the trial court's sentencing entries in his case are devoid of any judicial determination and calculation of jail-time credit, respondents could not have imposed jail-time credit based on the trial court's orders, (3) the Clark County Sheriff's Department booking records indicate 330 days of jail-time credit, while respondents have credited him with 398 days, (4) pursuant to ODRC policy 52 RCP 01, respondents are required to ensure the accuracy of commitment papers, and, if inaccuracies exist, must immediately contact the committing court, (5) respondents admitted in an affidavit filed by an ODRC correctional records sentence computation auditor in a different mandamus case that respondents interpret court documents and calculate offenders' sentences and release dates, which, according to relator, violates *Fraley*, (6) based on the holdings in various court cases, respondents have been aware since 1991 that they are prohibited from granting jail-time credit based solely on a letter from a county sheriff and may only grant the number of jail-time credit days specified by the trial court in its judgment entries, and (7) in 1993, in a Stark County Common Pleas Court case, the correctional institution sent a letter to the trial judge explaining that jail-time credit could not be based on a letter from a sheriff.

{¶ 3}   Relator attached to his petition documentation supporting the foregoing allegations.  In addition, relator attached to his petition two prison kites pertaining to his jail-time credit.  In the first, dated May 7, 2022, relator asked how much jail-time credit he had been granted.  On May 9, 2022, a prison official responded that relator had been credited with 398 days.  In the second, dated December 9, 2022, relator noted the May 2022 correspondence indicating he had been credited 398 days, and that his sentencing entries indicated no jail-time credit had been awarded.  Relator further stated that pursuant to his request for a certified booking sheet from the Clark County Sheriff's Department, he had been advised that those records had been destroyed in accordance with department record retention protocol.  Relator averred that "because the only booking record on the matter is in your possession and a copy of that record must be annexed to my intended motion for jail time credit to my presiding judge, I am requesting that you please provide me a copy of the Sheriff's Booking Sheet Records currently in your possession so that I can prepare and file my motion for jail time credit accordingly."  (Emphasis omitted.) (Petition, Exs. at 52.)

{¶ 4}   This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals.  Subsequent to this referral, relator filed a motion for summary judgment, essentially reasserting the allegations contained in his petition. Respondents moved to strike relator's motion. Thereafter, relator and respondents pursued briefing on the merits of relator's claims.  Following consideration of relator's petition on its merits, the magistrate issued the appended decision, including findings of fact and conclusions of law.  The magistrate determined that relator is not entitled to a writ of mandamus because he has an adequate remedy at law pursuant to R.C. 2929.19(B)(2)(g)(iii) through a postsentence motion to correct his jail-time credit and that relator's failure to file such a motion precludes the issuance of a writ of mandamus. Accordingly, the magistrate recommended this court deny relator's request for a writ of mandamus and deny as moot relator's motion for summary judgment and respondents' motion to strike.

{¶ 5}   For a writ of mandamus to issue, the relator must establish that: (1) he has a clear legal right to the relief sought, (2) the respondent is under a clear legal duty to perform the act requested, and (3) he has no plain and adequate legal remedy in the ordinary course

of law.  *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-616, 2015-Ohio-2356, ¶ 6, citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 6.  "Mandamus [is an] extraordinary remed[y], to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343 (1940).  "Extraordinary remedies, *i.e.*, mandamus * * * are available only when usual forms of procedure are incapable of affording relief.  They may not be employed before trial on the merits, as a substitute for appeal for the purpose of reviewing mere errors, or irregularities in the proceedings of a court having proper jurisdiction." *State ex rel. Woodbury v. Spitler*, 34 Ohio St.2d 134, 137 (1973).

{¶ 6}  On October 23, 2023, relator filed timely objections to the magistrate's decision.  Although relator's objections are somewhat difficult to understand, in the interest of justice we will address them " 'as gleaned' " from his memorandum objecting to the magistrate's decision. *State ex rel. Davic v. Franklin Cty. Ct. of Common Pleas*, 10th Dist. No. 22AP-301, 2023-Ohio-1195, quoting *State ex rel. Navistar, Inc. v. Indus. Comm.*, 10th Dist. No. 16AP-776, 2017-Ohio-8976, ¶ 25, citing *State ex rel. Turner v. Bunting*, 10th Dist. No. 15AP-605, 2016-Ohio-1325, ¶ 3.

{¶ 7}  We first note relator's assertion that he "objects to each and every statement of fact and conclusion of law not stipulated herein."  (Relator's Objs. at 4.) "Civ.R. 53(D)(3)(b)(ii) states that '[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.' " *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 3, quoting Civ.R. 53.  Although relator does not clearly set out his objections to the magistrate's findings of fact, he appears to challenge the magistrate's recitation of the factual allegations he set forth in both his petition for a writ a mandamus and his motion for summary judgment.  Relator's objection to the magistrate's recitation of relator's own factual assertions is without merit.  Accordingly, relator's first objection is overruled.

{¶ 8}  Relator also objects to the magistrate's conclusion that he is not entitled to a writ of mandamus because he has an adequate remedy at law.  Relator specifically contends that the magistrate "fails to identify any such remedy." (Relator's Objs. at 8.)  Contrary to

relator's assertion, the magistrate clearly identified the legal remedy available to relator to resolve his jail-time credit issue, i.e., file a motion in the trial court pursuant to R.C. 2929.19(B)(2)(g)(iii). As noted by the magistrate, in *State ex rel. Ellis v. Chambers-Smith*, 10th Dist. No. 22AP-14, 2023-Ohio-2671, this court held that under R.C. 2929.19(B)(2)(g)(iii), a trial court has jurisdiction to resolve an offender's motion to correct any error in determining jail-time credit at any time after sentencing, *id.* at ¶ 31, citing *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11, and that an error in the calculation of jail-time credit is remediable in the ordinary course of law through either appeal or a motion for jail-time credit under R.C. 2929.19(B)(2)(g)(iii), *id.* at ¶ 32, citing *McGinty* at ¶ 2. And, further, in *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, the Supreme Court of Ohio held that errors regarding an award of jail-time credit are not cognizable in mandamus. *Id.* at ¶ 12.

{¶ 9} Relator contends that the appropriate remedy is to order respondents to "contact the committing court immediate[ly]" regarding the imposition of jail-time credit. (Emphasis omitted.) (Relator's Objs. at 13.) In essence, relator wants respondents to contact the trial court and apprise it of its failure to include in its sentencing entries its calculation of jail-time credit. Pursuant to R.C. 2929.19(B)(2)(g)(i), a judge is required to determine, notify the offender of, and include in the sentencing entry "the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced," whereupon ODRC will reduce the sentence by that number of days under R.C. 2967.191. A review of the sentencing entries in this case reveals the trial court did not determine and include in those entries relator's jail-time credit. Relator failed to utilize the statutory process set forth in R.C. 2929.19(B)(2)(g)(iii) for correcting "any error" in determining jail-time credit. *State ex rel. Johnson v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 14AP-616, 2015-Ohio-2356, ¶ 10 (this court found relator had an adequate remedy at law where he "utilized the statutory process for correcting 'any error' in determining jail-time credit * * * by filing with the trial court a motion to order proper application of jail-time credit and did not appeal from the trial court's decision to deny his jail-time credit motion"). The statutory process for correcting "any error" in determining jail-time credit by filing with the trial court a motion to order proper application of jail-time credit arguably

would include an error by the trial court in failing to determine and include in its sentencing entries its calculation of jail-time credit as required by R.C. 2929.19(B)(2)(g)(i). The two prison kites relator submitted with his mandamus petition demonstrate he was cognizant of the statutory procedure for correcting errors in the determination of jail-time credit and that he intended to prepare and file such a motion in the trial court. However, relator failed to do so. "[A] writ of mandamus cannot issue if relator had an adequate remedy, 'regardless of whether [the remedy] was used.' " *Id.* at ¶ 9, quoting *Frett v. State*, 8th Dist. No. 100241, 2013-Ohio-5441, ¶ 5, citing *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 47 (1997).

{¶ 10} As a result, an adequate remedy at law existed for relator and, therefore, the extraordinary remedy of mandamus is inappropriate. As such, relator's second objection is overruled.

{¶ 11} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus and render as moot relator's motion for summary judgment.

*Objections overruled*;
*writ of mandamus denied*;
*relator's motion for summary judgment and respondents' motion to strike relator's*
*motion for summary judgment rendered moot.*

LUPER SCHUSTER and LELAND, JJ., concur.

————————————

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Johnny T. Duncan, | : | |
| Relator, | : | |
| v. | : | No.  23AP-66 |
| Annette Chamber[s]-Smith, Director, Ohio Department of Rehabilitation and Correction, Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| | : | |
| | : | |
| Respondents. | : | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 12, 2023

*Johnny T. Duncan*, pro se.

*Dave Yost,* Attorney General, and *Andrew Gatti*, for respondents.

IN MANDAMUS
ON MOTIONS

{¶ 12} Relator, Johnny T. Duncan, has filed this original action requesting that this court issue a writ of mandamus ordering respondents Annette Chambers-Smith, Director, Ohio Department of Rehabilitation and Correction ("ODRC"), and Bureau of Sentence Computation, to: (1) employ, execute, and enforce the underlying sentencing judgment entries as they are written; (2) immediately disavow and discontinue its unlawful and

unauthorized determining, calculating, and crediting of jail-time credit predicated on a letter or document from a sheriff; (3) immediately cease its willful and wanton usurpation of the mandatory provisions and prohibitions of *State ex rel. Fraley v. Ohio Dept. of Rehab. and Corr.*, 161 Ohio St.3d 209, 2020-Ohio-4410, and *State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641; and (4) to immediately employ the gate-keeping mandates of DRC Policy 52 RCP 01, compelling respondents to contact the committing court immediately. Relator has filed a March 13, 2023, motion for summary judgment. Respondents have filed a March 29, 2023, motion to strike relator's motion for summary judgment or, in the alternative, find it lacks evidentiary support.

Findings of Fact:

{¶ 13} 1. Relator is an inmate at Marion Correctional Institution, in Marion, Ohio.

{¶ 14} 2. Respondent Annette Chambers-Smith, is the director of ODRC.

{¶ 15} 3. Respondent Bureau of Sentence Computation is a division of ODRC and is responsible for computing release dates for Ohio inmates.

{¶ 16} 4. On January 30, 2023, relator filed a petition for writ of mandamus. Relator alleges in his petition that he was convicted in 1992 in several cases in the Clark County Common Pleas Court of two counts of aggravated murder, aggravated robbery, felonious assault, and drug abuse, and he received an aggregate sentence of 37 years to life.

{¶ 17} 5. Relator further asserts in his petition the following allegations: (1) respondents improperly calculated his jail-time credit based upon a letter from a county sheriff, in violation of *Fraley*, and *McGinty*, in which the courts held that jail-time credit may not be based solely on a letter from a sheriff and may only be based on the number of jail-credit days specified by the trial court; (2) the trial court in his case sentenced him with no mention, calculation, or determination of jail-time credit; thus, respondent could not have imposed jail-time credit based upon the trial-court orders; (3) the Clark County Sheriff's Department booking records indicated jail-time credit of 330 days, while respondents have imposed a jail-time credit of 398 days; (4) pursuant to DRC policy 52 RCP 01, respondents are required to ensure the commitment papers are accurate and, if they are not accurate, respondents must contact the committing court immediately; (5) respondents admitted in an affidavit filed by an ODRC correctional records sentence computation auditor in a different mandamus case, *State ex rel. Ellis v. Chambers-Smith*,

10th Dist. No. 22AP-14, 2023-Ohio-2671, that respondents interpret court documents and calculate offenders' sentences and release dates, in violation of *Fraley*; (6) respondents knew as early as 1991, based upon various cases, including *McGinty*, that they are prohibited from granting jail-time credit based solely on a letter from a sheriff and may only grant the number of jail-credit days specified by the court; and (7) in 1993, in a different case, *State v. Norris*, Stark County C.P. No. 92 CR 2871, Lorain Correctional Institution sent a letter to a judge explaining that jail-time credit could not be based upon a letter from a sheriff.

{¶ 18} 6. On February 27, 2023, respondents filed an answer to relator's petition.

{¶ 19} 7. On March 13, 2023, relator filed a motion for summary judgment. The motion for summary judgment contained essentially the same arguments contained in the petition.

{¶ 20} 8. Also on March 13, 2023, relator filed a motion and memorandum contra respondents' answer and defense.

{¶ 21} 9. On March 29, 2023, respondents filed a motion to strike relator's motion for summary judgment or, in the alternative, find it lacks evidentiary support.

{¶ 22} 10. On April 7, 2023, relator filed a motion/memorandum contra respondents' motion to strike relator's motion for summary judgment or, in the alternative, find it lacks evidentiary support.

Conclusions of Law and Discussion:

{¶ 23} The magistrate recommends that this court deny relator's petition for writ of mandamus, and deny as moot relator's motion for summary judgment and respondents' motion to strike relator's motion for summary judgment.

{¶ 24} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 25} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's

findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 26} Under Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 27} In his motion for summary judgment, relator essentially reiterates the same allegations contained in the petition: (1) respondents improperly calculated his jail-time credit based upon a letter from a county sheriff, in violation of *Fraley,* 2020-Ohio-4410, and *McGinty,* 2011-Ohio-2641, in which the courts held that jail-time credit may not be based solely on a letter from a sheriff and may only be based on the number of jail-credit days specified by the trial court; (2) the trial court in his case sentenced him with no mention, calculation, or determination of jail-time credit; thus, respondent could not have imposed jail-time credit based upon the trial-court orders; (3) the Clark County Sheriff's Department booking records indicated jail-time credit of 330 days, while respondents have imposed a jail-time credit of 398 days; (4) pursuant to DRC policy 52 RCP 01, respondents are required to ensure the commitment papers are accurate and, if they are not accurate, must contact the committing court immediately; (5) respondents admitted in an affidavit filed by an ODRC correctional records sentence computation auditor in a different 2022 mandamus case, *Ellis,* 2023-Ohio-2671, that respondents interpret court documents and calculate offenders' sentences and release dates, in violation of *Fraley*; (6) respondents knew as early as 1991, based upon various cases, including *McGinty*, that they are prohibited from granting jail-time credit based solely on a letter from a sheriff and may only grant the number of jail-credit days specified by the court; and (7) in 1993, in a different case, *Norris*, Lorain Correctional Institution sent a letter to a judge explaining that jail-time credit could not be based upon a letter from a sheriff.

**{¶ 28}** However, relator's petition for writ of mandamus fails as a matter of law. As mentioned above, in order for this court to issue a writ of mandamus, a relator must show the lack of an adequate remedy in the ordinary course of the law. *Pressley*, supra. Here, relator has an adequate remedy at law by way of a motion in the trial court. R.C. 2929.19 was significantly amended effective September 28, 2012, by 2012 Am.Sub.S.B. No. 337 to add provisions related to jail-time credit. R.C. 2929.19(B)(2)(g)(i) requires the trial court to:

> Determine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term.

**{¶ 29}** R.C. 2929.19(B)(2)(g)(iii) provides in, pertinent part, as follows:

> The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay.

**{¶ 30}** Thus, pursuant to R.C. 2929.19(B)(2)(g)(iii), a trial court has jurisdiction to resolve an offender's motion to correct an error in determining jail-time credit at any time after sentencing. *See Ellis* at ¶ 31, 2023-Ohio-2671, citing *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, ¶ 11. An error in the calculation of jail-time credit is "remediable in the ordinary course of law by appeal or motion for jail-time credit" under R.C. 2929.19(B)(2)(g)(iii). *Id.* at ¶ 32, citing *McGinty*, 2011-Ohio-2641, ¶ 2. For this reason, the Supreme Court of Ohio has held that "[a]lleged errors regarding an award of jail-time credit are not cognizable in mandamus." *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, ¶ 12.

{¶ 31} In the present case, relator failed to avail himself of a plain and adequate remedy at law by filing with the trial court a motion to correct jail-time credit. If relator disagreed with the trial court's resolution of his motion for jail-time credit, he then could have availed himself of his right to appeal. *See Thompson* at ¶ 13 (holding that a trial court's resolution of a "motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) is a final, appealable order"). Therefore, because relator has failed to file a motion to correct jail-time credit in the trial court, the availability of a plain and adequate remedy at law precludes the issuance of a writ of mandamus on such grounds in this matter. *State ex rel. Jackson v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 05AP-571, 2006-Ohio-1752, ¶ 10 (finding adequate remedy by direct appeal precluded mandamus). Furthermore, given this determination, relator's motion for summary judgment and respondents' motion to strike relator's motion for summary judgment are denied as moot.

{¶ 32} Accordingly, it is the magistrate's recommendation that this court should deny relator's petition for writ of mandamus, and deny as moot relator's motion for summary judgment and respondents' motion to strike relator's motion for summary judgment.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.