[Cite as *State v. Haislip*, 2021-Ohio-4543.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2021-06-017 |
|  |  | CA2021-06-018 |
| Appellee, | : |  |
|  |  | O P I N I O N |
|  | : | 12/27/2021 |
| - vs - |  |  |
|  | : |  |
| DAYMON L. HAISLIP, | : |  |
| Appellant. | : |  |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case Nos. CRI 21-500-012; CRI 21-500-031

Andrew T. McCoy, Clinton County Prosecuting Attorney, and Melvin Planas, Assistant Prosecuting Attorney, for appellee.

Holly H. Simpson, for appellant.

**M. POWELL, J.**

{¶ 1}   Appellant, Daymon Haislip, appeals his conviction in the Clinton County Court of Common Pleas following his guilty plea to robbery.

{¶ 2}   Appellant was indicted in January 2021 on four felony offenses in two separate cases.  On April 23, 2021, appellant agreed to plead guilty to two counts of robbery, both second-degree felonies, in exchange for the state dismissing two felony

offenses. Because the offenses appellant pled guilty to were second-degree felonies committed after March 22, 2019, they are "qualifying" felonies under the Reagan Tokes Act and subject to indefinite prison terms. During the plea hearing, the trial court conducted a Crim.R. 11 colloquy and advised appellant that each robbery felony carried an indefinite prison term with a minimum term from within the applicable sentencing range of two to eight years and a maximum term of an additional 50 percent of the minimum term imposed.

{¶ 3} The trial court advised appellant that if it were to sentence him to eight years on each robbery felony as the minimum term and ordered them to be served concurrently, appellant would face an indefinite prison term of 8 to 12 years. The trial court further advised appellant that if it were to impose an eight-year minimum term on each felony and ordered them to be served consecutively, appellant would be sentenced to a 16-year minimum term. However, confusion arose in advising appellant of the maximum term he would face if the eight-year minimum term on each felony were ordered to be served consecutively. Neither the trial court nor the state were certain whether the maximum term would be 20 or 24 years. Nevertheless, the trial court advised appellant that "you need to go into this with the idea that it could be 24 years maximum if you got the worst, worst sentence that you could receive, eight years, eight years, and consecutive is 16. Half of 16 is eight. So that would be 24." However, under the Reagan Tokes Act, when sentencing an offender to consecutive prison terms for multiple offenses, at least one of which is a qualifying felony, the maximum prison term is the aggregate minimum term "plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced." R.C. 2929.144(B)(2). Thus, the maximum consecutive sentence in this case would be a 16- to 20-year prison term.

{¶ 4} On May 19, 2021, the trial court sentenced appellant to an indefinite prison

term of two- to three-and-one-half years for one of the robberies and to an indefinite prison term of seven- to ten-and-one-half years for the other robbery and ordered that they be served concurrently. Appellant subsequently moved to withdraw his guilty plea. The trial court denied the motion.

{¶ 5} Appellant now appeals, raising two assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA BECAUSE THE TRIAL COURT DID NOT ADVISE APPELLANT OF THE POSSIBLE MAXIMUM PENALTY.

{¶ 8} Appellant argues that he did not knowingly, intelligently, or voluntarily enter his guilty plea because the trial court failed to comply with Crim.R. 11(C)(2)(a) when it "did not know what the maximum penalty would be" during the plea colloquy. Appellant asserts that the trial court's failure to accurately advise him whether the maximum term would be 20 or 24 years is a complete failure to comply with Crim.R. 11(C)(2)(a), and thus, he is not required to show he was prejudiced by the error for his guilty plea to be vacated. In support of his argument, appellant cites *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765.[1]

{¶ 9} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179. Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a

---

1. We note that the state incorrectly frames the issue as one of "substantial compliance" with Crim.R. 11(C). However, as we have previously explained, following the Ohio Supreme Court's decision in *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, "whether a trial court substantially complies with Crim.R. 11(C)(2) is no longer part of the analysis in reviewing a trial court's plea colloquy." *State v. Rogers*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102, ¶ 15. *See also State v. Broughton*, 12th Dist. Clinton No. CA2020-09-011, 2021-Ohio-2987, ¶ 15.

felony. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11.

{¶ 10} As pertinent here, Crim.R. 11(C)(2)(a) provides that a trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved."

{¶ 11} In *Dangler*, the Ohio Supreme Court addressed a trial court's compliance with Crim.R. 11(C) and how best to review a trial court's plea colloquy to ensure that a defendant's plea is knowingly and voluntarily entered. As a general matter, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)," i.e., that "the plea would not have otherwise been made." *Dangler*, 2020-Ohio-2765 at ¶ 16. There are, however, two exceptions to this rule: (1) when the trial court "fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest," and (2) "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)." (Emphasis sic.) *Id.* at ¶ 15. Under either exception, the defendant is not required to show prejudice.

{¶ 12} "A criminal sentence consists of several distinct components, including a prison sentence, a fine, postrelease control, and where applicable, certain criminal statutory registration and notification requirements." *State v. Fabian*, 12th Dist. Warren No. CA2019-10-119, 2020-Ohio-3926, ¶ 20. "[A] trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea." *Id.* "By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not

constitute a complete failure to comply with Crim.R. 11(C)(2)(a)." *Id.*

{¶ 13} The record of the plea hearing shows that the trial court accurately advised appellant that each of the second-degree robbery felonies carried an indefinite prison term, that the range of the prison term appellant faced for each felony was a minimum term of two to eight years and a maximum term of an additional 50 percent of the minimum prison term, and that if the trial court sentenced appellant to eight years in prison on each of the robbery felonies and ordered that the prison terms be served consecutively, he would face a minimum prison term of 16 years. Although the trial court's advisement was confusing as to the maximum term appellant faced if the prison terms were to be served consecutively, the trial court's failure to accurately advise appellant whether he would face a maximum term of 20 or 24 years was not a *complete* failure to comply with Crim.R. 11(C)(2)(a). *See State v. Tipton*, 12th Dist. Madison No. CA2020-05-011, 2021-Ohio-1128 (trial court's incorrect advisement of the duration and nature of the defendant's postrelease control does not constitute a complete failure to comply with Crim.R. 11[C][2][a]); *State v. Gabbard*, 12th Dist. Butler No. CA2020-12-125, 2021-Ohio-3646 (trial court's inaccurate advisement that the maximum penalty the defendant faced was a maximum, mandatory eight-year prison rather than an indefinite prison sentence of eight to 12 years was not a complete failure to comply with Crim.R. 11[C][2][a]).

{¶ 14} Consequently, in order to have his guilty plea vacated, appellant must establish that he was prejudiced by the trial court's incomplete or inaccurate advisement. "The test for prejudice is whether the plea would have otherwise been made." *Dangler*, 2020-Ohio-2765 at ¶ 16. Prejudice must be established on the face of the record. *Id.* at ¶ 24. Appellant, however, does not argue prejudice in his brief and has not presented any evidence that he would not have entered his plea had the trial court accurately informed

him of the maximum term during the plea colloquy. Moreover, there is nothing in the record to suggest that appellant would not have entered his guilty plea had he been accurately advised that the maximum term was 20 years. On the contrary, appellant entered his guilty plea notwithstanding the trial court's advice he may be subject to a 24-year prison term. Additionally, by agreeing to enter the guilty plea, appellant received the benefit of having two felony offenses dismissed. Appellant, therefore, is not entitled to have his guilty plea vacated. *Tipton* at ¶ 16; *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 15.

{¶ 15} Appellant's first assignment is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ALLOWED THE PROSECUTOR TO ELICIT TESTIMONY ABOUT APPELLANT'S CONDUCT FOR WHICH HE HAD NOT BEEN CONVICTED.

{¶ 18} Appellant argues that the trial court erred in allowing one of the robbery victims to testify at sentencing concerning a letter he had received from appellant because the letter was the basis for a misdemeanor charge against appellant for which he had not been convicted. Appellant asserts that his sentence should therefore be reversed.[2]

{¶ 19} During the sentencing hearing, two of the victims were given the opportunity to address the trial court. After describing his interaction with appellant at the crime scene, one of the victims testified he had received a letter from appellant which he thought was an apology but was instead something much worse. No further details were provided. The

---

2. We note that appellant incorrectly states that an appellate court reviews a trial court's sentencing under an abuse of discretion standard. However, as we have previously held, this court does not review the sentencing court's decision for an abuse of discretion. *State v. Simmons*, 12th Dist. Warren No. CA2020-10-069, 2021-Ohio-3563, ¶ 80. It is instead the standard of review set forth in R.C. 2953.08(G)(2) that governs all felony sentences. *Id.*

trial court noted the pending misdemeanor charge, indicated the letter was purportedly from appellant, and then stated, "I'm not going to attribute that to him, unless the State has a definite proof because there is a pending misdemeanor case on that." No definite proof was submitted by the state.

{¶ 20} We find no error in the trial court proceeding to sentence appellant following the victim's testimony about the letter. The trial court explicitly stated it would not attribute the letter received by the victim to appellant unless the state had definite proof such letter was written by appellant. No such proof was submitted by the state. Appellant has not established that the trial court considered and relied upon the letter in sentencing appellant to an indefinite prison term of seven- to ten-and-one-half years for the robbery involving the victim. Thus, the record reflects that the victim's testimony regarding the letter did not influence the trial court's sentence.

{¶ 21} Appellant's second assignment of error is overruled.

{¶ 22} Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.