[Cite as *State v. Clark*, 2024-Ohio-751.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 23-CR-0020 |
| | : | |
| DEMETRIS CLARK | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 1, 2024

. . . . . . . . . . .

COLIN P. COCHRAN Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Demetris Clark appeals following his guilty plea to operating a vehicle under the influence (OVI). Clark asserts the trial court erred by failing to provide for jail-time credit in the judgment entry. The State concedes error. Therefore, the judgment of the trial court is reversed and remanded with an order for the trial court to make a factual determination as to the amount of jail-time credit to be

awarded.

## I. Facts and Procedural History

{¶ 2} Clark had two cases pending before the trial court, Clark C.P. Nos. 22-CR-721 and 23-CR-20. The parties reached an agreement that Clark would plead guilty to one count of OVI count in each case, and the other counts in each case would be dismissed. The parties further agreed that Clark would be sentenced to an 18-month prison term in Case No. 22-CR-721 and to a six-month prison term in Case No. 23-CR-20, with the sentences to be served consecutively, for an aggregate prison term of 24 months. The OVI counts to which Clark pled guilty were fourth-degree felonies in violation of R.C. 4511.19(A)(1)(a). At the sentencing hearing, it was also determined that Clark was under post-release control. As a result, the trial court imposed an additional 12-month prison term for violation of post-release control, which statutorily was required to be served consecutively to the 24-month prison term.

{¶ 3} At the sentencing hearing, Clark was not informed of the jail time credit, if any, to which he was entitled, and the judgment entry in each case is silent regarding the number of days of jail time credit, if any, to which Clark was entitled as a result of any presentence incarceration.

{¶ 4} Clark appeals, raising the trial court's failure to calculate his jail-time credit. We note that Clark's notice of appeal lists only one trial court case, Case No. 2023-CR-20. As such, that is the only case before us on appeal, although Clark's brief lists both case numbers. However, when consecutive sentences are imposed as they were in

Clark's cases, i.e., the terms of imprisonment were to be served one after another, "[j]ail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *State v. Griffin*, 12th Dist. Clermont No. CA2022-09-051, 2023-Ohio-1938, ¶ 23, quoting *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22. Because jail-time credit is applied only once where prison terms are imposed consecutively, our resolution of this issue in the case on appeal will give Clark all the relief to which he might be entitled.

## II.  Jail Time Credit

{¶ 5} Clark's sole assignment of error states as follows:

DEMETRIS CLARK WAS NOT PROPERLY NOTIFIED OF HIS JAIL-TIME CREDIT IN ACCORDANCE WITH R.C. 2929.19(b)(2)(G)(i).

{¶ 6} Clark asserts the trial court erred by failing to calculate jail-time credit at sentencing.

{¶ 7} When a defendant is incarcerated prior to sentencing, "he must be given credit on the sentence * * * imposed for all periods of actual confinement on that charge." *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, ¶ 37, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. To that end, Ohio Adm.Code 5120-2-04(B) provides that the trial court is required to determine "the amount of time the offender served locally before being sentenced" and "must make a factual determination of the number of days credit to which the offender is entitled by law and include this information within the sentencing entry[.]" "[T]he trial court's obligation in

calculating jail-time credit is limited to calculating the total number of days the defendant was confined prior to sentencing." *State v. Dearmond*, 2d Dist. Clark No. 2022-CA-17, 2022-Ohio-3252, ¶ 13. However, it is the duty of the Ohio Department of Rehabilitation and Correction to reduce the offender's sentence "by the number of days the offender was confined as a result of the offense, between the date of the sentencing entry and the date committed to the [ODRC] * * *." Ohio Adm.Code 5120-2-04(A); R.C. 2967.191.

{¶ 8} In light of these requirements, the trial court was obligated to calculate Clark's jail-time credit at the time of sentencing, to notify Clark of the number of days of jail-time credit that he was to receive, and to memorialize that information in the judgment entry. Instead, at the sentencing hearing, the trial court informed Clark that he would "receive credit for time spent in the Clark County jail towards your sentence." Tr. p. 21. The judgment entry `make no mention of jail-time credit. Therefore, Clark is entitled to be resentenced for this limited purpose.

{¶ 9} The sole assignment of error is sustained.

### III.     Conclusion

{¶ 10} Clark's sole assignment of error being sustained, the judgment of the trial court is reversed and remanded for the trial court to calculate Clark's jail time credit, to notify Clark of the jail time credit to which he is entitled, and to include this information in an amended judgment entry.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.