[Cite as *State v. Folley*, 2025-Ohio-119.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30173 |
| | : | |
| v. | : | Trial Court Case No. 2019 CR 01878 |
| | : | |
| DEREK O. FOLLEY | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on January 17, 2025

. . . . . . . . . . .

DEREK O. FOLLEY, Pro Se Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Derek O. Folley appeals pro se from the trial court's May 7, 2024 jail-credit report entry, which confirmed a prior finding that he was entitled to 728 days of jail-time credit.

{¶ 2} Folley advances 15 assignments of error primarily addressing issues

unrelated to jail-time credit. To the extent that he raises these other issues—including double jeopardy, allied offenses, speedy trial, and his right to an impartial jury—his arguments are barred by res judicata. Folley could have raised those issues in a direct appeal from his 2021 conviction on three counts of unlawful sexual conduct with a minor. Those other issues have nothing to do with jail-time credit. To the extent that Folley's assignments of error do address jail-time credit, we see no error. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} In May 2021, a jury found Folley guilty on three counts of unlawful sexual conduct with a minor. The trial court imposed three consecutive five-year prison terms. On February 28, 2024, Folley filed a notice of appeal from his 2021 conviction. We issued a show-cause order pointing out the lateness of the appeal. In response, Folley filed a March 12, 2024 motion for leave to file a delayed appeal. On March 27, 2024, we deemed our show-cause order not satisfied and overruled his motion for leave to file a delayed appeal. We dismissed the direct appeal as untimely.

{¶ 4} On May 6, 2024, Folley moved for jail-time credit in the trial court. His motion raised various issues unrelated to jail-time credit. He also argued that the trial court had neglected to award him jail-time credit "that he earned from June 7, 2019 to June 11, 2021 in which he was housed at the Montgomery County (Ohio) Jail."

{¶ 5} On May 7, 2024, the trial court filed a jail-time credit report entry that included computations performed by the Division of Court Services. The filing reflected Folley's entitlement to 728 days of jail-time credit from June 7, 2019 through June 3, 2021. This

was consistent with the 728 days of jail-time credit that the trial court previously had granted him in its final judgment entry.

{¶ 6} On June 10, 2024, Folley appealed from the trial court's May 7, 2024 jail-time credit entry. We again issued a show-cause order addressing untimeliness. Folley responded by explaining his delay and seeking to file a delayed appeal. In a July 12, 2024 order, we sustained his motion and deemed our show-cause order satisfied. We also struck various appendices to Folley's merit brief.

## II. Jail-Time Credit

{¶ 7} As noted above, Folley advances 15 assignments of error. His first, second, and sixth assignments of error do address jail-time credit to some extent. They state:

I. The trial court violated **"The Appellant"** Court of Appeals Of Ohio Fifth Appellate District of Fairfield County right in *"State V. Lynch"* in pursuant to Jail-Time Credit once it manifest an ***abuse of discre*tion.**

II. The trial court violated **"The Appellant"** Court of Appeals Of Ohio Fifth Appellate District of Fairfield County right in *"State V. Lynch*" in pursuant to Jail-Time Credit once it manifest ***both a mathematical and legal errors.***

VI. The trial court violating **"The Appellant"** Supreme Court of Ohio right as it pertained to the *"Double Jeopardy"* protection as assigned by ***"State v. Christian"*** citation in pursuant to ***if it violates the federal or state constitutions*** during the sentencing stage.

{¶ 8} In his first two assignments of error, Folley contends the trial court possessed continuing jurisdiction to resolve jail-time credit issues, including any mathematical or

legal errors, given that jail-time credit had not been raised previously in a direct appeal. Folley then claims the trial court erred in awarding him jail-time credit only from June 7, 2019 through June 3, 2021. He asserts entitlement to credit through June 11, 2021 because he remained in the county jail and was not conveyed to prison until that date. In his sixth assignment of error, Folley alleges that the trial court violated due process and equal protection principles "in pursuant to the actual amount of days to the Jail-Time Credit[.]"

{¶ 9} Upon review, we find Folley's jail-time argument to be unpersuasive. A trial court determines jail-time credit up to sentencing. *State v. Powell*, 2024-Ohio-5122, ¶ 23 (2d Dist.); *see also* R.C. 2929.19(B)(2)(g)(i) (obligating a trial court to notify an offender at the sentencing hearing and to include in its sentencing entry the total number of days of jail-time credit "including the sentencing date but excluding conveyance time"). The trial court sentenced Folley on June 3, 2021. During the sentencing hearing, it awarded him 728 days of jail-time credit through that date. It then filed a June 7, 2021 final judgment entry reflecting the same 728 days of jail-time credit. The trial court later refiled its final judgment entry on September 9, 2021, again awarding 728 days of jail-time credit through June 3, 2021.

{¶ 10} Folley was conveyed to prison on June 11, 2021. The Ohio Department of Rehabilitation and Correction (ODRC) is responsible for calculating post-sentencing jail-time credit prior to an offender's transfer to prison. *Id.* at ¶ 23. The record contains a notice of commitment and calculation of sentence from ODRC recognizing Folley's entitlement to this additional credit. The notice was filed in the trial court on June 29, 2021. Because

ODRC already has awarded Folley jail-time credit after June 3, 2001, we overrule the first, second, and sixth assignments of error.

{¶ 11} Finally, Folley's second and sixth assignments of error reference issues related to double jeopardy, due process, and his right to a speedy trial. Although his concerns are unclear, he could have raised those issues in a direct appeal. Res judicata precludes him from doing so now. Accordingly, the first, second, and sixth assignments of error are overruled in their entirety.

### III. Other Issues

{¶ 12} Folley's other 12 assignments of error address issues unrelated to jail-time credit. His primary contention is that the three counts of unlawful sexual conduct with a minor were allied offenses of similar import and that he should have received a single five-year prison sentence. But allied-offense arguments are barred by res judicata if not raised on direct appeal and cannot be pursued in post-conviction proceedings. *State v. Frazier*, 2021-Ohio-4155, ¶ 15 (2d Dist.).

{¶ 13} In largely conclusory fashion, Folley's remaining assignments of error also reference a speedy-trial violation, juror partiality, double-jeopardy, a "*Blakely* violation," and an argument that his sexual encounter constituted a single act rather than three separate acts. Once again, however, we see no reason why he could not have raised each of these issues in a direct appeal. Therefore, even setting aside other potential procedural defects, res judicata precludes him from using a post-conviction motion as a substitute for a timely direct appeal. *State v. Quinn*, 2017-Ohio-8107, ¶ 34 (2d Dist.), quoting *State v. Goldwire*, 2005-Ohio-5784, ¶ 9-11 (2d Dist.) (noting that a defendant in

post-conviction proceedings must show that he could not have appealed based on evidence in the record). Accordingly, the third, fourth, fifth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments of error are overruled.

## IV. Conclusion

{¶ 14} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.