[Cite as *State v. Schumacher*, 2025-Ohio-2478.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-05-005 |
| | : | OPINION AND |
| - vs - | | JUDGMENT ENTRY |
| | : | 7/14/2025 |
| JIMMY J. SCHUMACHER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2003-2078

Zachary A. Corbin, Brown County Prosecuting Attorney, and Mary McMullen, Assistant Prosecuting Attorney, for appellee.

Beck Law Office, L.L.C., and Chris Beck, for appellant.

## **O P I N I O N**

**PIPER, J.**

{¶ 1} Appellant, Jimmy J. Schumacher, appeals his conviction in the Brown County Court of Common Pleas following his guilty plea to single counts of corrupting another with drugs and endangering children for which the trial court sentenced him to serve a jointly recommended and agreed upon sentence of eight to ten-and-one-half-years in prison. For the reasons outlined below, we affirm Schumacher's conviction.

{¶ 2} On May 4, 2023, the Brown County Grand Jury returned a four-count

indictment charging Schumacher with two counts of first-degree felony trafficking in persons, one count of second-degree felony corrupting another with drugs, and one count of third-degree felony endangering children.

{¶ 3}  On April 23, 2024, Schumacher entered into a plea agreement with the State. The plea agreement required Schumacher to plead guilty to the charges of corrupting another with drugs and endangering children in exchange for the two trafficking in persons charges being dismissed. Following the trial court's plea colloquy, which included the trial court notifying Schumacher that, upon his release from prison, he would be subject to a mandatory maximum postrelease control term of up to three years, the trial court accepted Schumacher's guilty plea and sentenced Schumacher to serve the jointly recommended and agreed upon sentence set forth above.

{¶ 4}  On May 31, 2024, Schumacher filed a notice of appeal and a motion for delayed appeal with this court. This court granted Schumacher's motion for delayed appeal on July 9, 2024. Nearly a year later, on June 4, 2025, Schumacher's appeal was submitted to this court for consideration.[1] Schumacher's appeal now properly before this court for decision, Schumacher has raised two assignments of error for review.

{¶ 5}  Assignment of Error No. 1:

{¶ 6}  THE TRIAL COURT ERRED IN NOT STATING ON THE RECORD THE TOTAL AMOUNT OF JAIL TIME CREDIT IN VIOLATION OF O.R.C. 2929.19(B)(2)(g).

{¶ 7}  In his first assignment of error, although acknowledging the trial court notified him at his sentencing hearing that he would be receiving jail-time credit for the days he had already served, Schumacher argues the trial court erred by not informing him of the *exact number* of days of jail-time credit he was entitled to receive. Schumacher,

---

1. This nearly yearlong delay was due, in part, to Schumacher's original appellate counsel moving to withdraw upon filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).

- 2 -

however, did not object to this issue before the trial court. Schumacher has therefore waived all but plain error on appeal. *See State v. Baker*, 2015-Ohio-3232, ¶ 12 (8th Dist.).

{¶ 8} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "An error does not rise to the level of a plain error unless, but for the error, the outcome would have been different." *State v. Tolliver*, 2025-Ohio-132, ¶ 13 (12th Dist.). "Notice of plain error is taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Burson*, 2025-Ohio-499, ¶ 32 (12th Dist.). We find no plain error in this case.

{¶ 9} "R.C. 2929.19(B)(2)(g)(i) imposes on the [trial] court an obligation to calculate the amount of jail-time credit to which the offender is entitled." *State v. Favours*, 2024-Ohio-2819, ¶ 30 (10th Dist.). Specifically, R.C. 2929.19(B)(2)(g)(i) instructs the trial court, upon determining that a prison term is necessary or required, to:

> [d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced . . . .

Therefore, given the plain language set forth above, R.C. 2929.19(B)(2)(g)(i) obligates the trial court to notify the offender at the sentencing hearing, and to include in its sentencing entry, the total number of days of jail-time credit the offender is entitled to receive. *State v. Folley*, 2025-Ohio-119, ¶ 9 (2nd Dist.).

{¶ 10} Here, there is no dispute that the trial court failed to notify Schumacher of the *exact number* of days of jail-time credit he was entitled to receive at his sentencing hearing. The trial court did, however, include 350 days of jail-time credit within its sentencing entry. Schumacher does not challenge the trial court's jail-time credit determination as stated in the entry. Therefore, because the trial court provided

Schumacher with 350 days of jail-time credit within its sentencing entry, the amount of which Schumacher does not dispute, Schumacher has failed to demonstrate any resulting prejudice from the trial court's failure to notify him of the *exact number* of days of jail-time credit he was entitled to receive at his sentencing hearing. *See, e.g., State v. Carpenter*, 2017-Ohio-9038, ¶ 28-32 (4th Dist.) (no plain error where the trial court failed to "orally pronounce a specific amount of jail-time credit days during [appellant's] sentencing hearing" when the trial court's sentencing entry noted that appellant was entitled to nine days of credit). Accordingly, because Schumacher has failed to demonstrate any resulting prejudice, Schumacher's first assignment of error lacks merit and is overruled.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE APPELLANT'S PLEA WAS NOT KNOWING, INTELLIGENT OR VOLUNTARY BECAUSE THE COURT FAILED TO COMPLY WITH CRIM. RULE 11.

{¶ 13} In his second assignment of error, Schumacher argues his guilty plea was not knowingly, intelligently, or voluntarily entered. This is because, according to Schumacher, the trial court completely failed to comply with Crim.R. 11(C)(2)(a) when it (1) "misinformed" him about his postrelease control obligations, and (2) did not advise him that, with respect to the charge of endangering children, he was "eligible" for the imposition of community control sanctions, thereby eliminating the need for him to establish prejudice. We find no merit to either of Schumacher's claims.

{¶ 14} "Crim.R. 11(C) governs the process a trial court must follow to ensure that a guilty plea or no contest plea to a felony charge is knowing, intelligent, and voluntary." *State v. Shropshire*, 2025-Ohio-881, ¶ 14 (12th Dist.). In *State v. Dangler*, 2020-Ohio-2765, the Ohio Supreme Court addressed a trial court's compliance with Crim.R. 11(C) and the method for reviewing a trial court's plea colloquy to ensure that a defendant's plea is knowingly, intelligently, and voluntarily entered. As the Ohio Supreme Court in *Dangler*

- 4 -

explained, in general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id*. at ¶ 16. However, there are two exceptions to this rule: (1) when the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) a trial court's complete failure to comply with a portion of Crim.R. 11(C). *Id*. at ¶ 15. When either of these two exceptions occur, this eliminates the defendant's burden to show prejudice. *Id.* at ¶ 14-15.

{¶ 15} In this case, Schumacher does not dispute that he received the necessary constitutional advisements under Crim.R. 11(C)(2)(c). Rather, the only dispute is whether Schumacher's guilty plea was knowingly, intelligently, and voluntarily entered given the trial court's alleged complete failure to comply with Crim.R. 11(C)(2)(a) when it (1) "misinformed" him about his postrelease control obligations, and (2) did not advise him that, with respect to the charge of endangering children, he was "eligible" for the imposition of community control sanctions. However, upon a full and thorough review of the record, we find the trial court did not completely fail to advise Schumacher of his postrelease control obligations by advising him that, upon his release from prison, he would be subject to a mandatory maximum postrelease control term of up to three years. The trial court simply failed to notify Schumacher that his postrelease control term would last for a mandatory minimum period of at least 18 months.

{¶ 16} "A criminal sentence consists of several distinct components, including a prison sentence, a fine, postrelease control, and where applicable, certain criminal statutory registration and notification requirements." *State v. Fabian*, 2020-Ohio-3926, ¶ 20 (12th Dist.). "[A] trial court's total failure to inform a defendant of a distinct component of the maximum penalty during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no

contest plea." *Id.* "Or stated differently, a complete failure to comply with Crim.R. 11(C)(2)(a) involves a trial court's complete omission in advising about a distinct component of the maximum penalty." *Id.* "By contrast, a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a)." *Id.* Therefore, while it may be true that the trial court "misinformed" Schumacher about his postrelease control obligations, this does not constitute a *complete* failure on behalf of the trial court to comply with Crim.R. 11(C)(2)(a).

{¶ 17} Moreover, contrary to Schumacher's claim, nothing within Crim.R. 11(C)(2)(a) requires a trial court to advise the defendant that he or she was *eligible* for the imposition of community control sanctions. Crim.R. 11(C)(2)(a) only requires the trial court to make such an advisement when the defendant is *not eligible* for the imposition of community control. *State v. Anderson*, 2024-Ohio-2191, ¶ 11 (2nd Dist.), citing *State v. Russell*, 2011-Ohio-1738, ¶ 9 (2nd Dist.) ("Crim.R. 11[C] does not require the trial court to inform a defendant when he or she is eligible for community control; it only requires that a defendant be informed of his or her ineligibility."); *State v. Drzayich*, 2016-Ohio-1398, ¶ 22 (6th Dist.) ("the rule makes clear that the trial court must orally advise a defendant of his or her ineligibility for community control. There is no converse requirement that the trial court advise the defendant that he or she is *eligible* for community control"); and *State v. Anderson*, 2012-Ohio-2759, ¶ 17 (7th Dist.) ("Crim.R. 11[C] only requires an advisement if the offender is not eligible for probation or a community control sanction."). The trial court, therefore, did not completely fail to comply with Crim.R. 11(C)(2)(a) by not advising Schumacher that, with respect to the charge of endangering children, he was "eligible" for the imposition of community control sanctions.

{¶ 18} While the trial court may not have fully complied with Crim.R. 11(C)(2)(a)

when it "misinformed" Schumacher about his postrelease control obligations, given the principles set forth above, the trial court's explanation was not the type that excused Schumacher from the burden of demonstrating prejudice. *See, e.g., State v. Tipton*, 2021-Ohio-1128, ¶ 15 (12th Dist.) (noting that "although the trial court failed to fully comply with Crim.R. 11[C][2][a] because it incorrectly advised appellant of the duration and nature of the postrelease control to which he would be subject, the trial court's failure is not the type of failure that excuses appellant from demonstrating prejudice"). "The test for prejudice is whether the plea would have otherwise been made." *Dangler*, 2020-Ohio-2765 at ¶ 16. "Prejudice must be established 'on the face of the record.'" *Id*. at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 2014-Ohio-1913, ¶ 26.

{¶ 19} Consequently, in order for Schumacher to have his guilty plea vacated, Schumacher must prove that, based on the face of the record, he would not have accepted the State's plea offer and plead guilty to single counts of corrupting another with drugs and endangering children if the trial court would have notified him that, upon his release from prison, he would be subject to postrelease control for a mandatory minimum period of at least 18 months. Schumacher, however, did not allege any prejudice within his appellate brief. There is also nothing in the record to suggest that Schumacher would have rejected the State's plea offer and instead taken the matter to trial had the trial court notified him that, after he was released from prison, his postrelease control obligations would last for a mandatory minimum period of at least 18 months. *See, e.g., State v. Haislip*, 2021-Ohio-4543, ¶ 14 (12th Dist.) (finding appellant was not entitled to have his guilty plea vacated where appellant did not argue prejudice within his appellate brief and did not present any evidence that he would not have entered his plea had the trial court accurately informed him of the maximum prison term he faced at his plea hearing).

{¶ 20} On the contrary, the record makes clear that Schumacher would have

entered his guilty plea to single counts of corrupting another with drugs and endangering children irrespective of the fact that, upon his release from prison, he faced a mandatory minimum 18-month postrelease control term. This is particularly true here when considering, by accepting the State's plea offer, Schumacher received the benefit of having both first-degree felony trafficking in persons charges levied against him dismissed. *See Tipton*, 2021-Ohio-1128 at ¶ 16 (finding "nothing in the record to suggest that appellant would not have entered his guilty plea had he been advised he would be subject to a mandatory five-year period of postrelease control" where, by accepting the State's plea offer, "appellant received the benefit of having a second felony sex charge against him dismissed"). Therefore, without any evidence that Schumacher's guilty plea would not have otherwise been made, Schumacher has failed in his burden to establish prejudice. Accordingly, Schumacher's second assignment of error also lacks merit and is overruled.

{¶ 21} Judgment affirmed.

HENDRICKSON, P.J., and BYRNE, J., concur.

- 9 -

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Brown County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Hendrickson, Presiding Judge

/s/ Robin N. Piper, Judge

/s/ Matthew R. Byrne, Judge